UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION - PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>SHELLIE M. DUNCAN,<br>    Defendant. | CRIMINAL NO. 7:17-01-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court on defendant Shellie M. Duncan's second motion (DE 305) requesting immediate release from prison pursuant to the Eighth Amendments to the U.S. Constitution and 18 U.S.C. § 3582(c)(1)(A). For the following reasons, the Court must deny the request.

Duncan pleaded guilty to conspiring to distribute crack cocaine. On February 1, 2018, the Court sentenced her to 66 months in prison. She is currently housed at FCI Hazelton's Secure Female Facility and has served approximately 45 months. According to the government, her projected release date is November 6, 2021. She is 44 years old.

As to Duncan's motion for relief under 18 U.S.C. § 3582(c)(1)(A), that statute provides for what is commonly referred to as "compassionate release." In support of this request, Duncan asserts that she faces a risk of being infected with the novel coronavirus disease COVID-19 while incarcerated. She states she is overweight and that her knee is damaged as a result of a gunshot wound. She further states that her father is elderly and has a heart condition and that she would like to be reunited with her children and grandchildren.

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the court could not grant a motion for compassionate release unless the motion was filed by the director of the Bureau of

Prisons (BOP). *See* 18 U.S.C. § 3582(c)(1)(A) (2017). If the defendant herself filed such a motion, the court could not grant it. The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant herself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

The Sixth Circuit recently determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting relief on a motion for compassionate release filed by the defendant. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834. Duncan filed this motion more than 30 days after requesting relief from the warden. The government does not contest that Duncan has met the mandatory condition to the Court granting compassionate relief.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." Nevertheless, the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) sets forth the circumstances under which extraordinary and compelling reasons exist for modifying a sentence.

One of these is the medical condition of the defendant. The defendant must be suffering from a "terminal illness," or she must be suffering from a serious physical or mental impairment "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. Duncan does not assert, nor is there an evidence in the record, that she has a terminal illness as defined under the policy statement. Likewise, she does not assert, nor is there any evidence in the record, that she has a permanent impairment that has substantially diminished her ability to provide self-care within the prison environment.

Another circumstance constituting extraordinary and compelling reasons for sentence modification are certain "family circumstances." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. These consist of the "death or incapacitation of the caregiver of the defendant's minor child or minor children" or the "incapacitation of the defendant's spouse or registered partner" when the defendant is the "only available caregiver." Duncan does not assert nor provide evidence that any of these circumstances exist.

The policy statement also has a catchall provision, which provides that undefined "other reasons" may exist that constitute an extraordinary and compelling reason to modify a sentence. These "other reasons" may only be "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 n. 1 (D). This Court has no authority to find "other reasons" that may justify a sentence reduction beyond those delineated in the policy statement. *See United States v. Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *2 (S.D. Ala. Aug. 13, 2019).

Even if extraordinary and compelling circumstances did exist, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Spencer*, No. 20-3721, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020). These factors include, among other things: (1)

"the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the sentencing range for the applicable category of offense; and (3) the need for the sentence imposed to adequately deter criminal conduct, to protect the public from the defendant's further crimes, and to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a). The court must also find that the defendant "is not a danger to the safety of any other person or to the community." U.S. Sentencing Guidelines Manual § 1B1.13 (referencing 18 U.S.C. § 3142(g)).

The Court finds that the factors under 18 U.S.C. § 3553(a) do not support Duncan's release. She is serving time for a serious drug offense. She has a lengthy criminal history, including parole violations, which is likely associated with her substance abuse problems. Her criminal history includes crimes that endanger others, such as forging the names of family members on checks, driving under the influence, smuggling dangerous contraband into jail, and assault during a theft. She has served just about 45 months of her term. Considering the need for her prison term to deter future criminal conduct, promote respect for the law, and provide just punishment, release is not appropriate. Further, based upon the record before it, the Court cannot find that Duncan would not pose a danger to the safety of any person or the community if she were to be released. It is the Court's hope that, while incarcerated, Duncan is participating in substance-abuse and mental-health treatment programs as well as any educational program for which she qualifies.

To the extent that Duncan requests that the Court order that she serve the remainder of her prison term on home confinement, this Court has no authority to do so. The BOP is the entity that has the authority to designate the place of a prisoner's imprisonment, not the court. 18 U.S.C. § 3621(b); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015).

As to Duncan's request for release under the Eighth Amendment, it is important to note that, with this claim, Duncan does not seek a court order requiring that the prison take measures

4

to improve the conditions of her confinement. Instead, she seeks only release from prison. Such a claim is properly brought as a claim for habeas relief under 28 U.S.C. § 2241 because "it challenges the fact or extent of [her] confinement by seeking release from custody." *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020). "Release from confinement" is "the heart of habeas corpus." *Id.* at 838 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)). Such motions must be filed in a court that has jurisdiction over the prisoner's custodian. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Thus, the Court must deny Duncan's request for release under the Eighth Amendment. If she wants to assert such a claim, she must file an action under 28 U.S.C. § 2241 in the federal court district in which she is incarcerated.

For these reasons, the Court hereby ORDERS that Duncan's second motion (DE 305) for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and for release under the Eighth Amendment is DENIED.

Dated October 22, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY