UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:17-CR-1-KKC-7

UNITED STATES OF AMERICA,                                                      PLAINTIFF,

V.                              **RECOMMENDED DISPOSITION**

SHELLIE M. DUNCAN,                                                             DEFENDANT.

On February 1, 2018, Duncan was sentenced to sixty-six (66) months imprisonment, with a three (3) year term of supervised release to follow, after entering a plea of guilty to a violation of 21 U.S.C. § 846: Conspiracy to Distribute Cocaine Base.

On November 5, 2021, she was released from the Bureau of Prisons to begin service of her term of supervised release, which is scheduled to expire on November 4, 2024.

On November 15, 2021, she was referred to Mountain Comprehensive Care Center in Pikeville, Kentucky, for outpatient substance use disorder counseling, which is currently ongoing.

On November 15, 2021, Duncan was allowed to begin mental health and substance use disorder assessments, after using ecstasy.

On March 25, 2022, she was allowed to continue in the early phase of outpatient counseling after her use of a controlled substance, Tylenol 4.

Then, on Friday, June 23, 2023, Shellie Duncan appeared before the undersigned for a final revocation hearing on charges of violating supervised release. At the final hearing, the defendant was present and represented by counsel. She expressed her desire to stipulate to the violations and, as a result, was placed under oath and advised of all applicable rights, including the right to

remain silent, to the assistance of counsel, and to a final hearing.  In addition, she was advised of the charges against her and all possible penalties, including the recommended guideline range and the applicable statutory punishment.  Then, in the presence of and with the advice of counsel, she admitted to violating the following conditions as charged in a knowing, intelligent, and voluntary way:

Violation #1

**<u>Mandatory Condition No. 3</u>: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.**

On May 25, 2023, Duncan reported to the probation office in Pikeville, where she submitted to an observed drug screen.  The specimen was sent for laboratory analysis, and was confirmed to be positive for methamphetamine.  At the final hearing, Duncan admitted to the unlawful possession and use of methamphetamine. **This is a Grade C Violation**.

Violation #2

**<u>Mandatory Condition No. 1</u>: You must not commit another federal, state or local crime.**

**<u>Mandatory Condition No. 2</u>: You must not unlawfully possess a controlled substance.**

Methamphetamine is a Schedule II Controlled Substance pursuant to the Controlled Substances Act. Due to the Sixth Circuit Court of Appeals' ruling that use is the equivalent of possession, and with Duncan's prior drug conviction, simple possession of methamphetamine constitutes conduct in violation of 21 U.S.C. 844(a), a Class E Felony **This is a Grade B Violation.**

## RECOMMENDED SENTENCE

Due to the nature of her violations, and her history of prior offense conduct, the United States argues that Duncan's supervision should be revoked, and she should be sentenced to a sentence of twelve month's incarceration with two years of supervision to follow.  The Defendant

asks for leniency, and argues for a sentence of time served with a requirement that she enroll and complete a program of inpatient substance abuse.

## I.

In determining the appropriate sentence in this case, the Court looks to the provisions of 18 U.S.C. § 3553(a), for guidance in recommending a sentence, properly calculated and imposed. The statute provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentences and the sentencing ranges established...
> (5) any pertinent policy statement...
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. 3553(a).

## II.

In considering the nature and circumstances of the instant offenses and the Defendant's history and characteristics, the court finds the following particularly relevant.

Duncan's criminal history category of V represents past violation conduct involving the illegal use and possession of controlled substances, crimes of dishonesty such as possession of a forged instrument, and assault. When not in custody, she has demonstrated her willingness to violate conditions of probation or parole in ways very similar to the conduct now at issue. Finally, she has a clear history of substance abuse, and although she has had multiple violations of her conditions of supervision, exhibits an inability to manage her addiction.

The most serious violation committed in this case is a Grade B Violation. Considering the severity of this violation in combination with her criminal history category of V the United States Sentencing Guidelines recommend a sentence of imprisonment of 18-24 months. There is no maximum period of supervision under 18 U.S.C. § 3583(e)(3).

In fashioning a recommendation in the case, the Court considers the information above, her history of drug use and behavior, her prior violation conduct and the nature and circumstance of the current violations. Finally, the undersigned considers her criminal history category of V. Now, in order to satisfy the considerations of the controlling statute, the undersigned believes that revocation of supervision with a period of imprisonment with supervision to follow should be imposed. No action was taken on prior violations. Therefore, a period of incarceration of 12 months with two years of supervision to follow is significant and will satisfy the above-stated purposes, including acting as a deterrent to future criminal conduct and protecting the public from further crimes that he might be inclined to commit.

## **CONCLUSION**

As previously stated, that facts upon which the Court recommends finding that the Defendant committed the charged violations has been established by her own admission, and therefore has been proven by a preponderance of the evidence. Therefore,

IT IS RECOMMENDED:

(1) That the Defendant be found guilty all charged violations;

(2) That her supervision be REVOKED;

(3) That she be sentenced to a term of 12 months incarceration with 24 months of supervision to follow.

(4) That upon a waiver filed into the record **WITHIN FOURTEEN BUSINESS DAYS** evidencing a knowing, intelligent and voluntary relinquishment of her right of allocution in this action, her supervision should be revoked, and he be sentenced; and

(5) If Duncan desires to exercise her right of allocution, the matter should be scheduled for a final hearing before Judge Karen K. Caldwell for purposes of allocution and sentencing.

Specific objections to this Report and Recommendation must be filed within FOURTEEN BUSINESS DAYS days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed June 29, 2023.



Signed By:
*Edward B. Atkins*   *EBA*
**United States Magistrate Judge**